UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARTHUR PORTER

                Petitioner,                             Case No. 1:07-CV-781

v.                                            HON. GORDON J. QUIST

MARY BERGHUIS,

                Respondent.

_____/

**OPINION**

**I.  Introduction**

The Court has before it Arthur Porter's ("Petitioner") Objections to the Magistrate Judge's Report and Recommendation issued on November 8, 2007.  In that report, the magistrate recommended that Petitioner's habeas claim be denied.  After conducting a *de novo* review, the Court adopts in part and rejects in part the report and recommendation.

**II.  Statement of Facts**

Following a jury trial, Petitioner was convicted of assault with intent to commit great bodily harm less than death in violation of M.C.L. § 750.84, and possession of a firearm during the commission of a felony in violation of M.C.L. § 750.227b.  Petitioner was sentenced to a term of two years for the firearm conviction and a term of one to ten years for the assault conviction.  Petitioner has completed the two-year term and is currently serving the one to ten year term.

Petitioner was denied parole on the assault sentence on four separate occasions.  Petitioner's Petition for Writ of Habeas Corpus challenges the September 11, 2005, and April 9, 2007, denials

of parole.  His petition raises five claims: (1) he was denied parole in violation of the Fourteenth Amendment Due Process Clause; (2) he was denied parole in retaliation for accessing the courts; (3) not allowing prisoners to appeal their parole denial violates the Fourteenth Amendment Due Process Clause; (4) the lack of an appeal process violates the Fourteenth Amendment Equal Protection Clause; and (5) he was denied parole in violation of the Eighth Amendment.

In his report and recommendation, the magistrate found each of Petitioner's habeas arguments unpersuasive and recommended that the Court deny his petition.  Petitioner responded to the report and recommendation with his objections.

### III.  Discussion

### A.  Due Process Claims

In his report and recommendation, the magistrate concluded that Petitioner's Due Process arguments fail because Michigan's parole system does not create a liberty interest protected by the due process clause.  Petitioner's first objection is that the magistrate failed to address the effect of *People v. Babcock*, 469 Mich 247, 666 N.W.2d 231 (2003), on the parole statute.  Petitioner argues that *Babcock's* definition of the phrase "substantial and compelling reasons" is a legal term of art whose definition should be transposed into the Michigan parole statute.  In *Babcock*, the Court held that "substantial and compelling reasons," for purposes of departure from the Michigan sentencing guidelines, M.C.L. § 769.34(3), "exist only in exceptional cases," *Id* at 258 (citing *People v. Fields*, 448 Mich 58, 68, 528 N.W.2d 176, 179 (1995)).  When read into the parole statute, according to petitioner, this standard creates a legitimate expectation of parole for individuals having scored a "high probability of parole."  Consequently, he argues, denial of such parole results in a violation of due process.  Second, Petitioner argues that under *Greenholtz v. Nebraska Penal Inmates*, 442

2

U.S. 1 (1979) and *Board of Pardon v. Allen*, 482 U.S. 369 (1987), the use of the word "shall" in the parole statute creates a presumption of parole release – therefore creating a liberty interest in parole.

Petitioner's *Babcock* argument is novel.  Petitioner somehow believes that *Babcock*, a Michigan sentencing guideline case, operates to overturn a voluminous amount of Michigan parole jurisprudence.  Including, it would seem, the Sixth Circuit's holding that the Michigan system does not create a liberty interest in parole.  *See Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc).  Even were *Babcock's* definition read into the parole statute, Petitioner's argument fails because the parole board retains ultimate discretion in approving or denying parole release.  As the magistrate noted, the parole statute merely lists factors the parole board may or may not consider in its decision to grant or deny parole, *without directing a specific result*.  Moreover, parole release is made *expressly discretionary* by the parole statute.  "Except as provided in section 34a, a prisoner's release on parole is discretionary with the parole board."  M.C.L. § 791.234(11).

Petitioner's reliance on *Greenholtz* and *Allen* is also misguided.  The parole statute clearly states that "[t]he parole board may depart from the parole guideline by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines."  M.C.L. 791.233e(6).  Because the parole board's decision to deny parole is by statute discretionary, Petitioner has no liberty interest in the right to parole.  Therefore, the magistrate correctly determined that Petitioner's due process arguments fail.

### B.  Retaliation

Petitioner's next claim in his petition was that the Parole Board denied him parole in retaliation for appealing his conviction.  In support of his argument, Petitioner claims that a Parole Board member said, "You're not sorry, you're appealing.  You're appealing, you didn't do anything

3

wrong." At another parole hearing, Petitioner claims that a board member told him, "Do what you have to do, but the parole board is never going to parole you as long as you are appealing your conviction." Petitioner claims that this retaliation was in violation of the Fifth and Fourteenth Amendments.

The magistrate analyzed Petitioner's claim as a Fifth Amendment challenge and concluded that the Fifth Amendment is not implicated by the pressure of a prisoner to admit guilt to improve his chances of parole. While this ruling was correct, Petitioner objects that he was not challenging his parole denial based on the Fifth Amendment but rather the Sixth Amendment's right of access to the courts. Because Petitioner does not allege that he was prevented from accessing the courts, only that he was punished by the parole board for doing so, his true claim is that he was retaliated against for accessing the courts in violation of the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Because Petitioner is challenging the length of his confinement (that he would be free but for the unlawful retaliation) rather than seeking damages, his claim is properly cognizable in a habeas corpus petition. *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 2973 (1974).

To succeed on his claim, Petitioner must show: (1) that he engaged in protected activity; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that the adverse action was motivated, at least in part, by Petitioner's protected activity. *Thaddeus-X*, 175 F.3d at 394. By appealing his conviction, Petitioner was engaging in protected activity. *See Bell v. Ohio Adult Parole Auth.*, 23 Fed. App'x 478, 479 (6th Cir. 2001). Moreover, the denial of parole is an adverse action that would deter a person of ordinary firmness from engaging in the protected conduct. *Rauser v. Horn*, 241 F.3d 330,

331 (3rd Cir. 2001). Therefore, the dispositive issue is whether Petitioner's denial of parole was motivated, at least in part, by him appealing his conviction in court. At this stage in the litigation, the only evidence of intent is Petitioner's claim that the board members told him he would never get parole so long as he was appealing his conviction. While further evidence may rebut the causal connection, the Court cannot say at this stage of the litigation that Petitioner will be unable to establish that the adverse action was motivated, at least in part, by his protected activity.

For those reasons, the Court will reject this portion of the magistrate's report and recommendation and allow Petitioner to proceed with his habeas corpus petition on the basis that he was denied parole in retaliation for appealing his conviction in violation of the First Amendment.

### C. Equal Protection Claim

In his petition for habeas corpus, Petitioner argues that by depriving him of the right to appeal his parole denial, Michigan's parole system violates the Equal Protection clause of the Fourteenth Amendment. Specifically, Petitioner argues that Michigan violates his right to equal protection by providing an appeal process for felons sentenced outside the Sentencing Guidelines based on "substantial and compelling reasons," while not providing an appeal process for felons denied parole based on "substantial and compelling reasons." The magistrate determined that Petitioner was not entitled to relief because Michigan has a rational basis for not providing felons denied parole the right to appeal.

In his objection to the magistrate's report and recommendation, Petitioner claims that he has a liberty interest in his parole release because he was scored as having a "high probability of parole" and that he is similarly situated to felons being sentenced outside of the Michigan Sentencing Guidelines for "substantial and compelling reasons." Because that class of felons has an avenue for

appealing their sentence and he does not, Petitioner claims the denial of a fundamental right without the equal protection of the law.

As previously discussed, there is no constitutional right to release on parole. Thus, there is no fundamental right implicated for equal protection purposes. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (citing *Bd. Of Pardons v. Allen*, 482 U.S. 369, 373). Because there is a rational basis for denying inmates the right to appeal a parole denial, Petitioner's equal protection claim fails. *Id.* at 620-621 (agreeing with the district court that the statute is rationally related to the legitimate state goal of eliminating frivolous lawsuits filed by prisoners).

### D. Eighth Amendment

Petitioner's final argument in his petition for habeas corpus is that the denial of his parole amounts to cruel and unusual punishment in violation of the Eighth Amendment. The magistrate determined that Petitioner's claim was without merit because the Parole Board did not issue a sentence and even if it did, his continued term of imprisonment did not amount to cruel and unusual punishment. Petitioner raises the same arguments in his objections to the magistrate's report. The magistrate correctly concluded that with absolutely no guarantee of release before ten years have expired, it cannot be said that there is "an extreme disparity between crime and sentence." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000), *see also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (finding that a sentence falling within the maximum authorized by statute is generally not cruel and unusual punishment). Therefore, Petitioner's Eighth Amendment claim fails.

### IV. Conclusion

For the reasons set forth above, the Court agrees with the magistrate that Petitioner's due process, equal protection, and Eighth Amendment claims should be dismissed. The Court will adopt

6

the report and recommendation with respect to those claims.  Because Petitioner states a claim for

retaliation in violation of the First Amendment, the Court will reject that portion of the report and

recommendation and allow Petitioner to proceed with his claim.


Dated:  January 2, 2008                              _____/s/ Gordon J. Quist_____
                                                                    GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE