UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,

     Petitioner,

                                                        Case No. 1:07-cv-781
v.                                              Hon. Gordon J. Quist

MARY BERGHUIS,

     Respondent.
_____/

## ORDER

Petitioner has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's "motion to order response by respondent warden" (docket no. 10) and a combined "motion for discovery[,] evidentiary hearing and appointment of counsel" (docket no. 11).

### Motion for response

The court has directed the warden to file a response to the petition. Accordingly, petitioner's motion for a response (docket no. 10) is **DENIED** as moot.

### Motions for discovery and an evidentiary hearing

The Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") govern discovery and evidentiary hearings in this case. With respect to discovery, the rules provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), § 2254 Rules. With respect to an evidentiary hearing, the rules provide that, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings,

and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), § 2254 Rules. Petitioner's motions for discovery and an evidentiary hearing are premature, because respondent has not yet filed her answer. Accordingly, petitioner's motions for discovery and an evidentiary hearing (docket no. 11) are **DENIED**.

### Motion to appoint counsel

Finally, petitioner seeks appointment of counsel. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483 (1969); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964); *see Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). After considering the complexity of the issues and the procedural posture of the case, the court finds that the assistance of counsel does not appear necessary to the proper presentation of petitioner's position at this time. Accordingly, petitioner's motion to appoint counsel (docket no. 11) is **DENIED**.

**IT IS SO ORDERED.**


Dated:  March 4, 2008                                   /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge