UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,

    Petitioner,

v.

Case No. 1:07-cv-781
Hon. Gordon J. Quist

MARY BERGHUIS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from the Michigan Parole Board's decisions denying his release on parole. The court previously dismissed all of petitioner's claims for habeas relief except for a First Amendment retaliation claim. *See* docket nos. 5 and 6. Respondent filed an answer and six volumes of records pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. *See* docket nos. 17, 21-26. After respondent filed her answer, but before she filed the Rule 5 materials, petitioner filed a "motion for FRCP 12(c) Judgment on the pleading or in the alternative Rule 56 Summary judgment" (docket no. 18). Petitioner subsequently filed a "Motion for immediate consideration of FRCP 12(c) motion" (docket no. 31). Those two motions are now before the court.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "The obvious purpose of Rule 12(c) of the Rules of Civil Procedure is to save time and expenses in cases wherein the ultimate facts are not in dispute." *Ulen Contracting Corporation v. Tri-County Electric Cooperative*, 1

F.R.D. 284, 285 (W.D. Mich. 1940). When the court determines a motion for judgment on the pleadings, all well-pleaded material allegations of the non-movant's pleadings must be taken as true. *See United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.*

Petitioner's motion for judgment on the pleadings is not appropriate in a habeas action. As the court observed in *Jones v. Quarterman*, No. 3:07-cv-1984, 2008 WL 4602720 (N.D. Tex. Oct. 14, 2008):

> The Rules Governing Section 2254 cases in the United States District Courts (Habeas Rules) do not contemplate motions for judgment on the pleadings. Although Rule 11 of those rules permits the Court to apply the Federal Rules of Civil Procedure when appropriate, the instant motion seeks no greater relief than that sought in the underlying petition. Because the Habeas Rules do not permit or contemplate the motion filed by petitioner, and it seeks essentially the same relief as the underlying habeas petition, the Court should deny the as improvidently filed in a habeas action.

*Jones*, 2008 WL 4602720 at *1.

The court agrees with the opinion expressed in *Jones*. Under Rule 5, the respondent to a habeas petition is required to submit "matters outside the pleadings" along with her answer. In this case, respondent submitted six volumes of records related to petitioner's claims. *See* docket nos. 21-26. The mandatory submission of Rule 5 material, i.e., "matters outside the pleadings," is inherently inconsistent with the filing of a Rule 12(c) motion for judgment on the pleadings. The filing of additional materials would trigger Fed. R. Civ. P. 12(d), which provides that if a motion brought under 12(c) presents "matters outside the pleadings" that are not excluded by the court, then "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

2

While petitioner's motion refers to alternative relief under Rule 56, he does not address the conflicting evidentiary rules which apply when bringing a motion for summary judgment in a habeas case. For example, "§ 2254(e)(1) - which mandates that findings of fact made by a state court are 'presumed to be correct' - overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (*abrogated on other grounds*, *Tennard v. Dretke*, 542 U.S. 274 (2004)). *See also, Gentry v. Sinclair*, 576 F. Supp. 2d 1130, 1140 (W.D. Wash. 2008), *reconsideration denied*, 609 F. Supp. 2d 1179 (2009) (the doctrine underlying Rule 56, that all evidence must be construed in the light most favorable to the party opposing the summary judgment, conflicts with § 2254(e)(1)'s provision that "a determination of a factual issue made by a State court shall be presumed to be correct[; and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"). For these reasons, petitioner's motion for judgment on the pleadings is improvidently filed and should be denied.

I respectfully recommend that petitioner's motion for immediate consideration of the motion for judgment on the pleadings (docket no. 31) be **GRANTED**, and that the motion for judgment on the pleadings (docket no. 18) be **DENIED**.


Dated: July 22, 2009                                     /s/ Hugh W. Brenneman, Jr.
                                                         HUGH W. BRENNEMAN, JR.
                                                         United States Magistrate Judge

3

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).