UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,

        Petitioner,

v.

MARY BERGHUIS,

        Respondent.

                               /

Case No. 1:07-CV-781

HON. GORDON J. QUIST

## ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the Report and Recommendation dated July 22, 2009. In his Report, the Magistrate Judge recommended that Petitioner's motion for immediate consideration of the motion for judgment on the pleadings be granted, and that the motion for judgment on the pleadings be denied. Petitioner does not object to this aspect of the Report and Recommendation.

Petitioner's objection focuses on the Magistrate Judge's suggestion that summary judgment under Rule 56 is unavailable in habeas cases. Rule 56 does apply to habeas proceedings. *See Barclay v. Renico*, No. 01-cv-73138, 2002 U.S. Dist. LEXIS 10519, at *4 (E.D. Mich. June 6, 2002) (citing *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001)). Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (citations omitted).

The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553, 119 S. Ct. 1545, 1552 (1999).

Here, Petitioner has not addressed the six volumes of Rule 5 materials submitted by Respondent. The Court finds that Petitioner has failed to show the evidence is so powerful that no reasonable jury could disbelieve his version of the facts. Thus, Petitioner's motion for summary judgment is denied. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket #34) is **APPROVED AND ADOPTED** as the Opinion of this Court regarding Petitioner's motion for immediate consideration of Fed. R. Civ. P. 12(c) motion (Docket #31) and Petitioner's motion for judgment on the pleadings (Docket # 18).

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation is **REJECTED** to the extent the Magistrate Judge implies that Rule 56 is not available in this type of habeas case. The Court considered Petitioner's motion for summary judgment (Docket #18) and finds that Petitioner's motion is **DENIED**.

Dated: September 29, 2009        /s/ Gordon J. Quist
                                 GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE