UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,

        Petitioner,

v.

MARY BERGHUIS,

        Respondent.
                                /

Case No. 1:07-CV-781

HON. GORDON J. QUIST

## ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the Report and Recommendation dated July 2, 2010. In his Report, the Magistrate Judge recommended that Petitioner's motions for summary judgment be denied, and that Petitioner's habeas petition be denied, because Petitioner's "self-serving affidavits are insufficient to establish retaliation." (Report and Recommendation, docket no. 63, at 19.) In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. For the following reasons, the Court adopts in part and rejects in part the Report and Recommendation.

Petitioner's first two objections regarding the classification of his third motion for summary judgment as a supplemental pleading and the clarification that his habeas petition rests on the alleged events at his second parole hearing are general objections that do not merit review. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (stating that "the district court need not provide *de novo* review where objections are frivolous, conclusive, or general." (citation and quotations omitted)).

In his third objection, Petitioner argues that (1) his affidavits comply with Rule 56(e), and (2) Respondent has failed to file any affidavit contradicting Petitioner's allegations. Rule 56(e) requires that a supporting affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). Petitioner's affidavits satisfy this standard. First, in his own affidavit, Petitioner outlined the background information regarding his parole hearing and then stated that the parole board's interviewer said, "But we are not going to let you out of here as long as you are appealing your conviction." (Pet'r's Aff. ¶ 13.) Petitioner also submitted an affidavit from his mother, Ivory Porter. In that affidavit, Ms. Porter also explained the basis for her personal knowledge and then stated that the parole board's interviewing member told Petitioner that "[t]he patole [sic] board is not going to release let [sic] you go as "long [sic] as you're appealing your case." (Ivory Porter Aff. ¶ 11.) Petitioner's affidavits thus satisfy Rule 56(e).

Although Respondent failed to attach any affidavit disputing these statements, Petitioner's affidavits fail to prove that no genuine issue of material fact remains. The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)). Petitioner's affidavits suggest that Respondent's denial of his parole was motivated, at least in part, by Petitioner appealing his conviction. The Record, however, outlines an alternative explanation for the denied parole: Petitioner still poses a risk to public safety because he fails to accept responsibility for his actions, express remorse for the victim, and demonstrate insight into his assaultive behavior. (*See* Parole Trans. at 25-26.) Given the conflicting

evidence, the Court finds that an issue of fact remains regarding whether the denial of Petitioner's parole was motivated, at least in part, by his protected activity.

Petitioner's fourth and fifth objections focus on Petitioner's alleged inability to admit responsibility for the crime. Petitioner argues that he cannot accept responsibility for the crime without perjuring himself because, as part of his appeal, he swore under penalty of perjury that he did not commit the crime. Why Petitioner will not accept responsibility for his crime is irrelevant in this context. Here, Petitioner has alleged a retaliation claim, and the only remaining issue is what motivated Respondent to deny parole. Therefore, Petitioner's fourth and fifth objections are meritless. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 63) is **APPROVED IN PART AND REJECTED IN PART** as the Opinion of the Court. The Report and Recommendation is **approved** as to the Magistrate Judge's denial of Petitioner's motion for summary judgment. The Report and Recommendation is **rejected** to the extent that the Magistrate Judge denied Petitioner's habeas petition for failing to establish a causal connection.

**IT IS FURTHER ORDERED** that Petitioner's motions for summary judgment (docket nos. 49 and 59) are **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge shall conduct an evidentiary hearing to determine whether Respondent's adverse action was motivated, at least in part, by Petitioner's protected conduct.

Dated: September 15, 2010          /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE