UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARTHUR PORTER,

                Petitioner,                        Case No.  1:07-CV-781

v.

                                            HON. GORDON J. QUIST

MARY BERGHUIS,

                Respondent.

_____/

## OPINION DISMISSING HABEAS PETITION AS MOOT

Petitioner filed a petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a decision of the Parole Board of the Michigan Department of Corrections denying his release on parole. Petitioner does not challenge his underlying conviction.

Petitioner was paroled on April 24, 2012.  On September 17, 2012, the Court entered an Order to Show Cause directing Petitioner to explain why the Court should not dismiss his habeas petition as moot in light of Petitioner's parole.  (Docket no. 109.)  Petitioner filed a response on September 24, 2012.  (Docket no. 110.)

Under Article III of the United States Constitution, a federal court has jurisdiction only if an actual "case or controversy" exists.  *See Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003) (en banc) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)).  "This case-or-controversy requirement subsists through all stages of federal proceedings, trial and appellate."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990).  "A case becomes moot when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome."  *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (internal quotation marks omitted).  A case should be dismissed as moot where an event

that occurs while the case is pending makes it impossible for the court to grant any effectual relief. *See Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067 (per curiam) (1996).

In the context of a habeas proceeding attacking the validity of a conviction, the petitioner's release from custody usually does not moot his petition because it is presumed that an invalid conviction has continuing collateral consequences. *Spencer v. Kemna*, 523 U.S. 1, 7–8, 118 S. Ct. 978, 983 (1998). On the other hand, the Supreme Court has refused to extend this presumption to a petitioner's challenge to a parole revocation. *Id.* at 12–14, 118 S. Ct. at 985–86 (citing *Lane v. Williams*, 455 U.S. 624, 102 S. Ct. 1322 (1982)). Courts have thus held that where a habeas petitioner challenges only the denial of parole, a grant of parole during the pendency of the habeas proceeding moots the petition. *See McLaurin v. Larkins*, 199 F. App'x 193, 195 (3d Cir. 2006) ("Even if McLaurin is correct that the Board improperly relied on the amended 1996 standards in the 1998 parole denial, his asserted injury-denial of parole-was remedied when he was paroled in 2005. Without an injury, McLaurin presents no case or controversy. His claim is moot."); *Thelander v. Kane*, 408 F. App'x 105, 106 (9th Cir. 2011) (holding that the petitioner's habeas petition challenging the denial of parole was moot where the parole board held another hearing and found the petitioner suitable for parole); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007) (subsequent grant of parole rendered moot the petitioner's claims regarding parole, transitional housing, and work incentive credits); *Freeman v. Lafler*, No. 2:09-CV-10518, 2012 WL 32677, at *6 (E.D. Mich. Jan. 6, 2012) (noting that the petitioner's "challenges to the Michigan Parole Board's denial of parole are moot as a result of Petitioner's subsequent release on parole"). A grant of parole will not moot a habeas petition challenging a prior denial of parole only where the petitioner can show that "he suffers continuing collateral consequences flowing from the denial of his parole." *Henry v. Romanowski*, No. 10-10920, 2012 WL 3030725, at *1 (E.D. Mich. July 25, 2012); *see also*

2

*Maxwell v. Neotti*, No. 09cv2660-L (BLM), 2010 WL 333806, at *7 (S.D. Cal. July 15, 2010) (stating that because the petitioner was challenging only a prison disciplinary policy and not his conviction, he was required to demonstrate collateral consequences in order to avoid dismissal of his petition on mootness grounds); *Lammers v. Kingston*, No. 10-CV-0078-BBC, 2010 WL 1372019, at *2 (W.D. Wis. Mar. 30, 2010) (holding that the petitioner's release from prison mooted his habeas petition challenging his loss of good time credits but affording the petitioner an opportunity to show that he suffered collateral consequences from the prior disciplinary actions).

In his response to the Order to Show Cause, Petitioner argues that his petition should not be dismissed because he is "in custody" and, therefore, satisfies the jurisdictional requirement under 28 U.S.C. § 2254. Petitioner's "in custody" status is irrelevant. "The question in this case is not whether Petitioner is 'in custody' but whether his release on parole . . . caused his challenge to the denial of parole to become moot because it no longer presents a 'case or controversy' under Article III, § 2, of the United States Constitution." *Mathews v. Hendricks*, No. Civ. A. 04-4033 (AET), 2005 WL 1115967, at *1 (D. N.J. May 6, 2005); *see also Spencer*, 523 U.S. at 7, 118 S. Ct. at 983 (noting that while the petitioner was "in custody" for purposes of § 2254, "[t]he more substantial question . . . [was] whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution"). In this case, Petitioner has already obtained all the relief this Court could grant him because he has been released on parole. Thus, this Court can no longer afford Petitioner habeas relief for any injury he may have suffered as a result of the previous denials of parole. *Cf. Henry v. Romanowski*, No. 10-10920, 2012 WL 3030725, at *2 (E.D. Mich. July 25, 2012) ("Petitioner's sentence has been completed and he has been discharged from custody, and any injury Petitioner suffered cannot be redressed by a favorable judicial decision from this Court.").

Petitioner also contends that his petition is not moot because he suffers collateral consequences from the prior parole denials. Specifically, Petitioner claims that the prior parole denials since March 2004 caused him to forfeit Social Security Disability payments during the time of his incarceration. Petitioner suggests that a decision in his favor would result in restoration of wrongfully withheld payments.[1] Petitioner fails to demonstrate that he continues to suffer from collateral consequences as a result of the previous denials of parole. *See Mathews*, 2005 WL 1115967, at *2 ("To avoid mootness, petitioner must show that he is *presently* subject to negative legal consequences due to the parole in 2000, or that he is currently suffering from an injury caused by the denial of parole in 2000 which can be redressed by a writ of habeas corpus." (italics added)).

Even assuming the validity of Petitioner's claim regarding Social Security benefits, his allegations cannot save his petition from being moot. In *United States v. Clark*, 193 F.3d 845 (5th Cir. 1999), the Fifth Circuit rejected a similar argument raised by a federal prisoner who argued that he suffered collateral consequences as a result of an extended term of supervised release, which had expired, because he had been forced to pay $100 per month to the probation office during his extended term of supervised release. The court explained:

> As defined by *Spencer*, the injuries alleged by Clark are not sufficient collateral consequences of his confinement to keep this controversy alive. Rather, they are independent from the extended supervised release and may possibly be recovered, if Clark's contentions have merit, in a separate proceeding. The fact that Clark may need a court decision questioning the validity of his extended supervised release before bringing a separate lawsuit is insufficient to keep alive the controversy.

*Id.* at 848 (internal citations omitted).

---

[1] Petitioner cites *DePompei v. Ohio Adult Parole Authority*, 999 F.2d 138 (6th Cir. 1993), as support for his argument that he suffers collateral consequences, but Petitioner's reliance on *DePompei* is misplaced. The petitioner in *DePompei* challenged his *conviction* rather than a denial of parole, as Petitioner does in the instant case. Thus, the court's discussion of collateral consequences regarding the petitioner's conviction has no application to the instant case. *See id.* at 140.

4

Accordingly, the Court concludes that Petitioner's parole has rendered his habeas petition moot because Petitioner is no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7, 118 S. Ct. at 983 (internal quotation marks omitted).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604.  For the reasons stated above, the Court finds that reasonable jurists could not find this Court's conclusion that Petitioner's petition is moot debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

An Order consistent with this Opinion will be entered.


Dated:  September 28, 2012                          /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE